**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MISTY HOWELL FARMER** | : | **DOCKET NO. 2:19-cv-01384** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DALE L BAILEY EL AL** | : | **MAGISTRATE JUDGE LABLANC** |

<u>**MEMORANDUM ORDER**</u>

Before the Court is a Motion to Substitute Party filed by plaintiff Frankie Sue Howell. Doc. 78. Defendants filed an opposition to the motion [doc. 91] and Plaintiff has replied [doc. 92], making this motion ripe for resolution. For reasons set forth below, the Court finds that the motion should be **GRANTED**. Moreover, as herein provided, the status of Jason Eric Clifton as indispensable to these proceedings requires further exploration.

**I.**
**BACKGROUND**

The original complaint in this matter was filed by Misty Howell Farmer ("Ms. Farmer") on October 24, 2019, alleging violations of her Fourth, Eighth, and Fourteenth Amendment rights; violation of 42 U.S.C. § 1983; and damages under Louisiana Civil Code Articles 2315 and 2030. Doc. 1. Named as defendants were Dale L. Bailey, Sheriff Ricky Moses, Warden Jeannie Irvine, Jermaine Tyler, Joe Toler, Lisa Gearen, and the Beauregard Parish Sheriff's Department. *Id.* at ¶ 4. These claims arose from incidents that occurred while Mrs. Farmer was incarcerated in the Beauregard Parish Jail. *Id.* at ¶ 5. The federal claims against all Defendants and the state law claims against Jeannie Irvine, Jermaine Tyler, Joe Toler, and Lisa Gearen have since been dismissed by this Court. Doc. 75. The Court, however, exercised its discretion to retain jurisdiction over the remaining state law claims. *Id.* at p. 20.

- 1 -

On December 21, 2022, a Motion to Amend Complaint was filed on behalf of Ms. Farmer. Doc. 43. The motion advised that Ms. Farmer had passed on May 17, 2022, and requested that the complaint be amended to substitute Frankie Sue Howell, the administratrix of Ms. Farmer's succession, in place of Ms. Farmer. *Id.* at ¶¶ 29-32. This Court granted the motion, making Frankie Sue Howell ("Ms. Howell") the plaintiff in this matter. Docs. 44 & 45.

Ms. Howell subsequently filed the instant Motion to Substitute Party, asking this Court to replace Ms. Howell with Ms. Famer's children four children (two of whom are minors), who Ms. Howell asserts are Ms. Farmer's correct legal successors for the survival right of action as set out in Louisiana Civil Code article 2315.1. Doc. 78. Accordingly, Ms. Howell asks that she be replaced as plaintiff in this matter by Alanis Tesia Perkins and Elijah Matthew Farmer, Ms. Farmer's major children, and by Jonathan Matthew Farmer on behalf of his and Ms. Farmer's two minor children (collectively the "Farmer Children").[1] *Id.* at ¶¶ 6-7. Ms. Howell also indicates that Ms. Farmer was survived by a spouse, Jason Eric Clifton ("Mr. Clifton"), but alleges Mr. Clifton has no claim in this matter because he was not married to Ms. Farmer at the time of her injuries. *Id.* at ¶ 5.

Unsure of Ms. Howell's effort to omit Mr. Clifton from these proceedings, the Court requested briefing from the parties on whether Mr. Clifton has a right of survival action and should be joined. Doc. 79. In response to this request, the parties submitted a joint pleading confirming that Mr. Clifton, despite being physically separated from Ms. Farmer at the time of her death, was her surviving spouse under Louisiana law, and so was a survival action beneficiary under Louisiana law. Doc. 81. Ms. Howell has been afforded, to no avail, considerable time to locate

---

[1] As the only remaining parent of the two minor children, Mr. Farmer holds the right of tutorship over them pursuant to Louisiana Civil Code Article 250. Mr. Farmer is therefore the correct party to assert a right of action on behalf of his minor children.

and join Mr. Clifton in these proceedings, and defendants were instructed to "file an appropriate motion addressing whether all necessary and proper party plaintiff(s) are before the court" if such joinder did not occur.  Docs. 83, 86.  Despite this instruction, defendants filed a memorandum in opposition to the instant motion, arguing Mr. Clifton is an indispensable party to these proceedings. Doc. 91.  Ms. Howell replied, asserting for the first time that a prenuptial agreement existed between Ms. Farmer and Mr. Clifton that precludes any interest in this matter in favor of Mr. Clifton.  Doc. 92 & att. 1 thereto.  Defendants have not addressed the implications of the purported prenuptial agreement.

## II.
### LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  "Substitution of parties under Rule 25(a)(1) is 'a procedural convenience granted to those who in fact have a claim under substantive law to bring their own suits in the federal courts.'" *Savoy v. Nat'l Gen. Ins.*, No. CV 20-487, 2021 WL 1600250, at *1 (E.D. La. Apr. 23, 2021).  Accordingly, the Court must determine whether the substituting parties have a claim under Louisiana substantive law.

Louisiana Code of Civil Procedure Article 801, addressing substitution of parties on the courts of that state, provides in relevant part:

> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.

> As used in Articles 801 through 804, "legal successor" means:

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor. . . .

Pursuant to Louisiana Civil Code article 2315.1, when an injured person dies, his right to recover damages for the injury survives for one year from his death in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

Article 2315.1 provides a hierarchy of beneficiaries wherein those belonging to a higher-ranking class possess the right to maintain the action to the exclusion of those in lower-ranking classes. *Succession of Theobald*, 263 So. 3d 960, 965 (La. App. 5th Cir. 2018). When there are two or more survivors within the same classification entitled to the right, each survivor has an equal interest in the action. *Reed v. Warren*, 136 So. 59, 62 (La. 1931); *see also Morrison v. New Orleans Pub. Serv. Inc.*, 415 F.2d 419, 424 (5th Cir. 1969); *Gibbs v. Magnolia Living Ctr., Inc.*, 870 So. 2d 1111, 1115 (La. App. 2d Cir. 2004), *writ denied*, 877 So. 2d 146 (La. 2004).

Here, Ms. Farmer is survived by the Farmer Children and her husband, Mr. Clifton. *Id.* at att. 1, pp. 1-3. Accordingly, under Article 2315.1(1), each of Ms. Farmer's four children and her surviving spouse have an equal interest in the present action to the exclusion of all other beneficiaries. Therefore, the instant motion will be granted to join the Farmer Children as plaintiffs in this matter.

The Court, however, is left to determine whether Mr. Clifton must also be joined under Federal Rule of Civil Procedure 19. This determination, however, is complicated by Ms. Howell's submission of an alleged prenuptial agreement between Mr. Clifton and Ms. Farmer that may impact Mr. Clifton's rights in this action. The issues of the authenticity and enforceability of the prenuptial agreement and any impact of that agreement on Mr. Clifton's rights in this matter has

not been fully developed by the parties.  Accordingly, the Court requires additional input on these matters before resolving Mr. Clifton's status as an indispensable party to these proceedings.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Frankie Sue Howell's Motion to Substitute Party [doc. 78] is **GRANTED**, and, accordingly, Alanis Tesia Perkins and Elijah Matthew Farmer, Ms. Farmer's major children, and Jonathan Matthew Farmer on behalf of his and Ms. Farmer's two minor children, are substituted as plaintiffs in this matter.

**IT IS FURTHER ORDERED** that, on or before **April 15, 2025**, the parties shall each submit a memorandum addressing whether Jason Eric Clifton constitutes an indispensable party to these proceedings under Federal Rule of Civil Procedure 19, the validity and enforceability of the prenuptial agreement (doc. 92, att. 1), and, if valid and enforceable, what, if any, impact that agreement has on Mr. Clifton's status as a party to these proceedings.  Upon receipt of this briefing, the Court will determine whether a hearing on these issues is needed.

**THUS DONE AND SIGNED** in chambers this 31st day of March, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**