UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MISTY HOWELL FARMER                    CASE NO.  2:19-CV-01384

VERSUS                                 JUDGE JAMES D. CAIN, JR.

DALE L BAILEY ET AL                    MAGISTRATE JUDGE LEBLANC


<u>MEMORANDUM ORDER</u>

Before the Court is a "Motion for Declaratory Judgment" (Doc. 103) wherein Plaintiffs, Alanis Tesia Perkins, Elijah Matthew Farmer and Jonathan Matthew Farmer, on behalf of his and Misty Howell Farmer's two minor children, (collectively referred to as "Family Plaintiffs") move for an order from the Court to declare that Defendant Dale L. Bailey was an employee of Sheriff Ricky Moses when he raped and sexually assaulted, Plaintiff, Misty Howell Farmer, (2) that the event was covered by the Beauregard Parish Sheriff Office's insurance policy, and (3) that Plaintiffs should be paid for her damages from said insurance policy.

<u>BACKGROUND</u>

On or about April 22, 2019, Complainant, Misty Howell Farmer, was arrested and incarcerated in the Beauregard Parish Jail under the authority of the Beauregard Parish Sheriff's Office, its agents, and officers.[1] On or about May 21, 2019, Misty Howell Farmer began experiencing high fever and debilitating pain related to a kidney infection while

---
[1] **Complaint ¶ 5.**

incarcerated and in the custody of the Beauregard Parish Sheriff's Office.[2] Due to her condition, Ms. Farmer repeatedly requested medical care from the Beauregard Parish Jail Nurse, Lisa Gearen, the Wardens, and Sheriff's Deputies but was repeatedly denied treatment.[3] Ms. Farmer became unable to advocate for herself, so witnesses to her pain began advocating on her behalf and contacted Ms. Farmer's mother, Ms. Frankie Howell, and jail authorities.[4] Despite the requests from Ms. Farmer, her mother, and her advocates, Ms. Farmer was denied medical treatment for eight (8) days.[5]

On or about May 28, 2019, Ms. Farmer was admitted to Beauregard Memorial Hospital and diagnosed with a severe kidney infection.[6] While being treated at the Hospital, the Beauregard Parish Sheriff's Office assigned Sheriff's Deputy Dale Bailey to guard Ms. Farmer.[7] On or about May 28, 2019, Complainant, Misty Howell Farmer, was raped by Sheriff's Deputy Dale Bailey in the bathroom of her hospital room.[8]

On or about May 30, 2019, Ms. Farmer was notified that Sheriff's Deputy Dale Bailey would be on duty as her guard.[9] In fear for her safety, she requested to speak with Registered Nurse Brenda Mahaffey who she notified that Sheriff's Deputy Dale Bailey raped her on the night she was admitted to Beauregard Memorial Hospital.[10] On or about May 30, 2019, Nurse Mahaffey notified Beauregard Parish Sheriff's Detectives of Ms.

---

[2] *Id.* ¶ 6.
[3] *Id.* ¶ 7.
[4] *Id.* ¶ 8.
[5] *Id.*
[6] *Id.* ¶ 9.
[7] *Id.* ¶ 10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 12.
[10] *Id.*

Farmer's report.[11] In response, Ms. Farmer was discharged from Beauregard Memorial Hospital to Lake Charles Memorial Hospital so a SANE (Sexual Assault Nurse Examiner) could perform a rape exam for Ms. Farmer.[12]

On or about May 30, 2019, Deputy Sheriff Dale Bailey confessed to raping Misty Howell Farmer to Beauregard Parish Detectives.[13] As a result of the confession, Dale Bailey has been charged with Rape in the 3rd Degree and Malfeasance in Office by Sexual Conduct.[14]

## PROCEDURAL HISTORY

On October 24, 2019, Ms. Farmer, through her attorney, filed suit against Bailey, Sheriff Ricky Moses, and other various Beauregard Parish Sheriff's employees.[15] Bailey was properly served on October 31, 2019, but failed to answer the Complaint.[16] Consequently, Ms. Farmer filed a "Motion for Default Judgment" (Doc. 17). On March 1, 2021, the Court issued an Order that dismissed the Sheriffs Dept Beauregard Department ("Sheriff's Department") pursuant to LR 41.3 because no responsive pleadings were filed and no default was entered within sixty (60) days after service of the summons and complaint, and Plaintiff failed to show good cause for this deficiency.[17] That Order allowed Plaintiff to reinstate the Sheriff's Department for good cause shown.[18]  Plaintiff did not respond.

---

[11] *Id.* ¶ **13.**
[12] *Id.*
[13] *Id.* ¶ **14.**
[14] *Id.*
[15] **Doc. 1.**
[16] **Bailey is not represented by counsel for the Sheriff's office, nor any other counsel.**
[17] **Doc. 19.**
[18] *Id.*

The Court set a hearing for May 13, 2021, on the Motion for Default Judgment against Bailey.[19] At the hearing, Bailey did not appear, and the Court entered a Judgment of Default, taking under advisement the amount of damages.[20] On May 19, 2021, the Court entered a Default Judgment in favor of Ms. Farmer, and against Bailey in the amount of $1,000,000.00.[21] Thereafter, the matter was set for trial,[22] then continued at the request of Plaintiff.[23]

Counsel for Plaintiff then amended the Complaint to assert that Ms. Farmer had passed away on May 17, 2022, and that Ms. Farmer's mother, Frankie Sue Howell was appointed as the Administratix of the Succession of Misty Adean Howell Farmer Clinton; the matter was again set for trial.[24] Plaintiff then filed a Motion for Summary Judgment,[25] which was granted in part and denied in part.[26] The Court's ruling dismissed Plaintiff's claim for denial of medical care as to all Defendants, the § 1983 claims against Sheriff Moses for denial of medical care, *Monell* claims against Sheriff Moses for failure to train or supervise, *Monell* claim against Defendants, Jeannie Irvine, Jermaine Tyler, Joe Toler, and Lisa Gearen in their official capacities, the individual capacity claims against Sheriff Moses, Jeannie Irvine, Jermaine Tyler, Joe Toler, and Lisa Gearen for denial of medical care and failure to train and/or supervise.[27] The Court further found that Sheriff Moses,

---

[19] Doc. 20.
[20] Doc. 26.
[21] Doc. 29.
[22] Doc. 31.
[23] Docs. 36 and 37.
[24] Docs. 45 and 50.
[25] Doc. 52.
[26] Docs. 75 and 76.
[27] *Id.*

Jeannie Irvine, Jermaine Tyler, and Joe Toler are entitled to qualified immunity as to the alleged denial of medical care.[28] The Court denied Sheriff Moses' motion to dismiss the state law claims of negligent hiring and supervising.[29] Finally, recognizing that Ms. Farmer had children,[30] the Court permitted Plaintiff to amend the Complaint to substitute the proper Plaintiffs and again continued the trial.[31]

On September 5, 2024, the Magistrate Judge held a scheduling conference and discussed the Motion to Substitute Ms. Farmer's children with the Succession Representative.[32] In that discussion, the parties informed the Court that Ms. Farmer had a surviving spouse, Jason Eric Clifton, but that he was not Ms. Farmer's spouse when the tortious events took place.  As such, there was a discussion as to whether the surviving spouse should also be substituted as a Plaintiff.[33] The Court ordered additional briefing.

Thereafter, the parties filed a Joint Memorandum wherein they agreed that Ms. Farmer's husband is a proper and necessary party in a survival action.[34] The Magistrate Judge held another scheduling conference and discussed the proper parties to this litigation. The Court was informed by counsel for Plaintiffs that ongoing efforts to locate and communicate with Ms. Farmer's surviving spouse have been unsuccessful.[35] A new trial date was not set and the Court advised counsel for Plaintiff to continue his efforts to locate

---

[28] *Id.*
[29] *Id.*
[30][30] **Plaintiff's admissions admit that Ms. Farmer's children are (1) Alanis T. Perkins, (2) Elijah J. Farmer, (3) Samuel Farmer, and (4) Hannah Farmer.** *Id.* **pp. 3-4.**
[31] *Id.*
[32] See Minutes, Doc. 79.
[33] *Id.*
[34] Doc. 81.
[35] Minutes, Doc. 82, 10/15/2024.

Ms. Farmer's surviving spouse and for defense counsel to file an appropriate motion to address the need to join Decedent's surviving spouse.[36]

The Court held another scheduling conference where it was determined that Ms. Farmer's surviving spouse could not be located. Also, counsel for Defendants requested additional time to brief the issue of joining the surviving spouse and requested that the matter be converted to a bench trial, considering that only state law claims remained against a sheriff defendant.[37] The Magistrate Judge then set the jury trial for October 20, 2025, before the undersigned.[38]

Shortly thereafter, Defendant, Sheriff Moses filed a Motion to Strike the Jury Demand, which was granted,[39] and the Magistrate Judge granted counsel for Plaintiff's Motion to Substitute party to add Mrs. Farmer's children as Plaintiffs.[40] Counsel for Plaintiffs has now filed the instant Motion for Declaratory Judgment as indicated hereinabove. Subsequent to the instant Motion, Plaintiff, Jason Eric Clinton's counsel filed a Motion to Join as party Plaintiff, Jason Eric Clinton.[41]  That Motion has now been granted, and Clinton is added as a Plaintiff in this matter.[42]

## <u>LAW AND ANALYSIS</u>

The Family Plaintiffs have filed the instant Motion for Declaratory Relief as noted herein in order to collect on the $1,000,000.00 Default Judgment against Defendant, Dale

---

[36] *Id.*
[37] **Minutes, Entry 85, 11/18/2024.**
[38] **Electronic Scheduling Order, Entry 88, 11/18/2024.**
[39] **Doc. 97.**
[40] **Docs. 89 and 93.**
[41] **Doc. 112.**
[42] **Doc. 113.**

Bailey. Defendant opposes the motion and informs the Court that the insurer has denied coverage. Family Plaintiffs argue that the $1,000,000.00 Judgment should be covered and paid by the Sheriff's insurance policy. First, as noted by Defendant, the Family Plaintiffs are requesting a declaratory order to compel a non-party insurer to reverse it denial of coverage as to Dale Bailey. Defendant argues that the Family Plaintiff's motion is procedurally improper and therefore should be denied.

"The [Declaratory Judgment Act ('DJA')] creates a remedy under which 'any court, upon the filing of an *appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration.'" *SEC v. Novinger*, 96 F.4th 774, 780 (5th Cir. 2024) (quoting 28 U.S.C. § 2201(a)) (emphasis original). Rule 57 of the Federal Rules of Civil Procedure established that it applies to the DJA. Rule 7 of the Federal Rules of Civil Procedure defines pleadings as: a complaint; and answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a cross claim; a third-party complaint; and answer to a third-party complaint; and if the courts orders one, a reply to an answer. Federal Rule of Civil Procedure 7(a). Rule 7(b) separately and distinctly addresses motions. The Fifth Circuit held in *SEC v. Novinger* that "a motion for declaratory judgment does not lie where the action is not, itself, for a declaratory judgment." 96 F.4th at 783. Additionally, "[r]equests for declaratory judgment are not properly before the court if raised only by motion. *Id.* at 780. "To obtain a declaratory judgment, [a party] must either file a separate action seeking such relief or move to amend [its] complaint." *Id.* 780-81. As such, the Court cannot grant the relief Family Plaintiffs are requesting.

**Page 7 of 8**

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that Family Plaintiff's Motion for Declaratory Judgment (Doc. 103) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 23rd day of September, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**