**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MISTY HOWELL FARMER** | : | **DOCKET NO. 2:19-CV-01384** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DALE L BAILEY EL AL** | : | **MAGISTRATE JUDGE LABLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel discovery responses filed by plaintiffs Elijah Matthew Farmer, Alanis Tesia Perkins, and Jonathan Matthew Farmer (the "Movants"). Doc. 119. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. For reasons set forth below, the court finds the motion should be **GRANTED**.

**I.**
**BACKGROUND**

The original complaint in this matter was filed by Misty Howell Farmer ("Mrs. Farmer") on October 24, 2019, alleging violations of her Fourth, Eighth, and Fourteenth Amendment rights; violation of 42 U.S.C. § 1983; and damages under Louisiana Civil Code Articles 2315 and 2030. Doc. 1. After notification of Mrs. Farmer's death, Mrs. Frankie Sue Howell was substituted as plaintiff in this matter [docs. 44 & 45], and subsequently, Mrs. Howell was replaced as plaintiff by Mrs. Farmer's surviving children, the Movants, and her surviving spouse Jason Eric Clinton [docs. 93, 106, 113].

-1-

Movants served defendant Sheriff Ricky Moses with their third set of Requests for Production[1] on November 18, 2025. Doc. 119, att. 1, p. 1.  Despite making multiple attempts to obtain complete responses from Sheriff Moses, Movants had not received any responses as of the date of filing the instant motion, February 10, 2026. *Id.* at pp. 1–2.  After attempting to hold a Rule 37 conference with opposing counsel, Movants filed the instant motion seeking an order from this court compelling Sheriff Moses to respond to plaintiff's discovery requests. *Id.* at atts. 5-7. Movants also request all reasonable expenses incurred in filing this motion. *Id.* at att. 1, pp. 2-3.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34.  An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).  The party resisting discovery has the burden of proving the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making

---

[1] The court notes that this set of requests consists of only two Requests for Production, seeking only two documents regarding Dale L. Bailey, a previous defendant and prior employee of Sheriff Moses. Doc. 119, att. 4, p. 3.

the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Defendant Sheriff Ricky Moses failed to file a response to the instant motion within the time allowed under the Court's Notice of Motion Setting [doc. 120].  Accordingly, Sheriff Moses has not met its burden to show how each discovery request seeks irrelevant information or is otherwise objectionable. *See Clark v. Schlumberger Tech. Corp.*, No. 18-CV-93, 2019 WL 13253890, at *2 (W.D. Tex. Oct. 30, 2019) (citing *Quarles*, 894 F.2d at 1485)).  Accordingly, the court grants the motion on the merits.  Moreover, the court does not see any reason not to grant Movants' request for attorney's fees and costs, so that request also is granted.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movants' Motion to Compel [doc. 119] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Sheriff Ricky Moses provide responses to Movants' third set of Requests for Production [doc. 119, att. 4] within **fourteen (14) days** after the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney fees, is awarded against Sheriff Ricky Moses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within then fourteen (14) days after the date of this Order, Movants shall file into the record a statement of fees and costs incurred in filing these

motions, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours. Sheriff Ricky Moses may submit a response to Movants' submissions within seven (7) days after Movants' submission is filed into the record.

**THUS DONE AND SIGNED** in Chambers this 3rd day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**